In re CONTINENTAL BUILDING & LOAN ASS'N.

(District Court, N. D. California, First Division. November 9, 1915.)

No. 9509.

**1. BANKRUPTCY ⚖➾123—CREDITORS—ELECTION OF TRUSTEE.**

Where a corporation was adjudged a voluntary bankrupt, and the petition named its shareholders as creditors, other creditors cannot complain that the shareholders were allowed to vote for the trustee, where it appeared that, if the shareholders were not creditors, the corporation was perfectly solvent, with assets greatly exceeding liabilities.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ⚖➾123.]

**2. BANKRUPTCY ⚖➾126—SELECTION OF TRUSTEES—RIGHT OF CREDITORS.**

A creditor, who will at all events be paid in full, cannot complain that it was denied the right to select the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⚖➾126.]

**3. BANKRUPTCY ⚖➾126—TRUSTEE—SELECTION.**

It is proper for the referee to reject a trustee, where the selection was influenced, if not brought about, by the officers and attorneys of the bankrupt corporation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⚖➾126.]

In Bankruptcy. In the matter of the bankruptcy of the Continental Building & Loan Association. Petition to review an order of the referee disapproving the selection of a trustee, and to review his action in allowing shareholders of the bankrupt to vote as creditors. Order affirmed, 232 Fed. 828, —— C. C. A. ——.

N. Schmulowitz, of San Francisco, Cal., for petitioner.

DOOLING, District Judge. The Continental Building & Loan Association was upon its own application adjudicated a bankrupt on

August 9, 1915. On August 30, 1915, the creditors appeared by proxy before the referee for the purpose of electing a trustee. The trustee selected at that time was not approved by the referee, and another election was held on September 15, 1915. At this election the Anglo-California Trust Company was chosen, but the selection was disapproved by the referee.

The order disapproving this selection has been brought here for review. There is also brought here for review the action of the referee in permitting the shareholders of the bankrupt to vote as creditors for the trustee, and the refusal of the referee to permit the Merchants' National Bank, which has a claim against the bankrupt for money loaned to it, to select the trustee, as being the only creditor, within the meaning of the Bankrupt Act, that appeared and offered to vote at the meeting. The amount of the latter's claim is $2,611.20, while the claims of the shareholders voting at this election aggregate $522,437.50.

[1] The question as to whether the shareholders can be at the same time creditors is an interesting one, but under the peculiar circumstances of this case need not be definitely determined at this time. The adjudication was had upon the petition of the corporation itself. The shareholders were named in the petition as creditors. If they are not creditors, within the meaning of the bankrupt law, the corporation is not insolvent, as the only other claims amount to but $12,198.90, while the assets of the corporation are scheduled at $769,508.13. If, therefore, the shareholders are eliminated as creditors, we have these vast assets with which to pay debts of $12,198.90. No one interested has made any objection to the adjudication, and so long as it stands, based on the theory that the shareholders are creditors, they must be regarded as creditors for all purposes.

[2] The Merchants' National Bank will be paid in full, whatever happens to the shareholders' claims, and the order denying it the right to select the trustee is affirmed.

[3] The selection of the Anglo-California Trust Company was disapproved by the referee, because he found that the selection had been influenced, if not brought about, by the officers of the bankrupt and the attorneys for the bankrupt. His action in so doing is affirmed.